UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Mitchell Stutts, # 241619, | ) **C/A No. 8:11-0191-SB-JDA** |
| | ) [*formerly* C/A No. 2:11-0191-SB-RSC] |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| ~~State of South Carolina~~; | ) |
| Robert M. Stevenson III, *Warden of Broad River Correctional Institution*, | ) |
| Respondent. | ) |

_____

### *Background of this Case*

This is a habeas corpus-type action. Petitioner is confined at the Broad River Correctional Institution of the South Carolina Department of Corrections (SCDC). On May 29, 1997, in the Court of General Sessions for Lexington County, Petitioner was convicted, pursuant to a jury's verdicts, of murder and possession of a weapon during a violent crime, and was sentenced to life in prison. No direct appeal was filed.

The Public Index for the Lexington County Clerk of Court, which is accessible from a link on the South Carolina Judicial Department website (www.judicial.state.sc.us), indicates that Petitioner has not filed any applications, petitions, or motions in Lexington County. The Petition, which is not on a court-approved form, also indicates that Petitioner has not filed an application for post-conviction relief in the Court of Common Pleas for

1

Lexington County. Petitioner did file a petition for writ of habeas corpus in the original jurisdiction of the Supreme Court of South Carolina, which was denied by the Supreme Court of South Carolina.[1]

Petitioner filed a "Notice of Appeal" with the Supreme Court of South Carolina. The Supreme Court of South Carolina treated the "Notice of Appeal" as an untimely motion for rehearing and denied it on December 9, 2011.

In an order filed in this case on February 4, 2011, the Honorable Robert S. Carr, United States Magistrate Judge, directed Petitioner to submit an amended petition on the standard Section 2254 form and a motion for leave to proceed *in forma pauperis*. Petitioner submitted a motion for leave to proceed *in forma pauperis*, but did not submit an amended petition on the standard Section 2254 form (Form AO 241). Magistrate Judge Carr retired on February 4, 2011. The above-captioned case was reassigned to the undersigned magistrate judge on February 8, 2011.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and

---

[1] From other cases filed in this court, it is known that the Supreme Court of South Carolina routinely denies such petitions on the basis of the holding in *Key v. Currie*, 305 S.C. 115, 406 S.E.2d 356 (1991). In *Key v. Currie*, the Supreme Court of South Carolina indicated that "it will not entertain actions filed in its original jurisdiction where the matter can be entertained in the trial courts of this State." 406 S.E.2d at 357. Under *Durkin v. Davis*, 538 F.2d 1037, 1041-1042 (4th Cir. 1976), a petition filed in the original jurisdiction of a State's highest court does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b).

Effective Death Penalty Act of 1996. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

In his motion to stay, which was denied by the undersigned on March 1, 2011, Petitioner states that: **(1)** the above-captioned case is a miscellaneous appeal; and **(2)** he is not submitting a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this case, but intends to submit one in the future. A federal district court lacks authority to review final

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. Hence, the United States District Court for the District of South Carolina lacks jurisdiction over Petitioner's miscellaneous appeal from the Supreme Court of South Carolina.

In the pleading, Petitioner also refers to matters pertaining to his current confinement in prison, including harassment by a correctional officer. Such claims are civil rights claims. Petitioner can obtain civil rights forms from the Clerk's Office in Columbia (901 Richland Street, Columbia, South Carolina 29201), if he wishes to present civil rights claims to this court in a civil rights action.

### *Recommendation*

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice and without requiring Respondent to file an answer or return*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. It is also

recommended that the District Court deny a Certificate of Appealability.  Petitioner's attention is directed to the important notice on the next page.

March 18, 2011             s/Jacquelyn D. Austin
Greenville, South Carolina     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).