```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
         ANDERSON/GREENWOOD DIVISION
```

| | |
|---|---|
| Thomas Mitchell Stutts, | )<br>) C/A No. 8:11-191-TMC |
| Petitioner, | )<br>) |
| v. | ) **OPINION & ORDER**<br>) |
| Robert M. Stevenson, | )<br>) |
| Respondent. | )<br>) |

On January 21, 2011, Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He subsequently filed an amended petition and numerous supplemental attachments raising altogether twenty-eight (28) grounds for relief. (Dkt. # 32). Respondent filed a Motion for Summary Judgment. (Dkt. # 76). Petitioner filed a response in opposition to the Summary Judgment Motion and five supplemental attachments. (Dkt. # 85, 95, 98, 105, 106, and 107).

On June 26, 2012, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that Respondent's Motion for Summary Judgement be granted and the Petition be denied. (Dkt. # 108).[2] The Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (Dkt. # 108 Attach. #1). Both Respondent and Petitioner timely filed objections to the

---

[1]This date reflects the date stamped by the prison mailroom on the envelope containing the habeas petition. (Dkt. # 1- Attach. # 1). *See Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[2]In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.

Magistrate Judge's Report. (Dkt. # 110 and 115). The court agrees with the conclusions of the Magistrate Judge that Respondent is entitled to summary judgment. Accordingly, the court adopts the Report, except as noted below.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Applicable Law**

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,*

134 F.3d 615 (4th Cir.1998). The AEDPA imposes a one-year limitations period on habeas applications by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs

> from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In rare circumstances, the one-year limitations period may be equitably tolled, but "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## Discussion

The Magistrate Judge recommended Respondent's Motion for Summary

Judgment be granted finding the instant Petition time-barred pursuant to § 2244 (d)(1). Petitioner raises eleven objections. While most of these objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate Petitioner's claims, the court was able to glean two specific objections. Petitioner contends the Magistrate Judge erred in failing to equitably toll the statute of limitations due to his mental disorders and physical condition. Further, Petitioner contends that the Magistrate Judge erred in failing to appoint him counsel. The court finds these objections to be without merit.

Respondent also filed an objection to the Report. Based upon a recent United States Supreme Court decision, *Gonzalez v. Thaler*, __ U.S. __, 132 S.C.t 641 (2012), Respondent objects to the Magistrate Judge's conclusion that Petitioner's conviction became final when the South Carolina Supreme Court's opinion dismissing Petitioner's direct appeal was filed, and not when the remittitur was issued. The court agrees with the Respondent. However, as discussed below, the error does not effect the Magistrate Judge's conclusion that the instant petition is time-barred.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. Briefly, on May 29, 1997, Petitioner was convicted of murder and possession of a firearm during the commission of a violent crime. He was sentenced to life imprisonment for the murder and five years on the weapons charge. Petitioner timely filed a direct appeal, and on December 1, 1998, the South Carolina Supreme Court dismissed the appeal. The remittitur was issued on January 13, 1999.

On October 28, 1999, Petitioner filed an application for post-conviction relief

4

("PCR"). An evidentiary hearing was held on January 26, 2006, and on November 1, 2006, the PCR court denied Petitioner PCR and dismissed with prejudice Petitioner's PCR application. On December 7, 2006, Petitioner filed a motion to alter or amend, which the PCR court denied on December 28, 2006. Petitioner then filed another motion to alter or amend on December 25, 2006, which the PCR court found to be untimely in an order filed February 13, 2007.

On March 5, 2007, Petitioner filed an appeal of the denial of PCR. On April 18, 2007, the South Carolina Supreme Court dismissed the notice of appeal as untimely. Petitioner filed a motion to reinstate the appeal, and on May 21, 2007, the South Carolina Supreme Court granted the motion and reinstated the appeal. Then, on July 9, 2009, the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari and the remittitur was sent down on July 29, 2009.

On October 14, 2009, Petitioner filed a petition for a writ of habeas corpus in the South Carolina Supreme Court. The South Carolina Supreme Court denied the habeas petition on November 4, 2009, and on November 18, 2009, Petitioner filed a notice of appeal. The South Carolina Supreme Court construed Petitioner's notice of appeal as a petition for rehearing, which it denied on December 2, 2009.

On December 22, 2009, Petitioner then filed another petition for a writ of habeas corpus in the South Carolina Supreme Court, which the South Carolina Supreme Court denied on March 4, 2010. On May 20, 2010, Petitioner filed a third petition for a writ of habeas corpus in the South Carolina Supreme Court. On June 9, 2010, the South Carolina Supreme Court denied the petition and issued an order restricting Petitioner's ability to file additional habeas petitions. Petitioner then filed this federal habeas action

on January 21, 2011.

As noted above, petitions brought under § 2254 are subject to 28 U.S.C. § 2244(d)'s one-year period of limitation. Section 2244(d) specifically provides the following, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The South Carolina Supreme Court dismissed Petitioner's direct appeal on December 1, 1998. The remittitur was sent down on January 13, 1999. However, as Respondent argues in its objection, Petitioner's conviction became final on the date the opinion was issued rather than the date of the remittitur. *Gonzalez v. Thaler*, 132 S.Ct. 641 (clarifying that for prisoners who do not seek review from the Supreme Court, the limitations period begins to run on the date when the state court issues its opinion and not the date the mandate is issued). As Petitioner was entitled to the ninety-day time period for filing a petition for a writ of certiorari in the United States Supreme Court, *see Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000), the AEDPA one-year statute of limitations began to run on March 1, 1999. When Petitioner filed his state PCR action

6

on October 28, 2009, 241 days of the 365 days in which Petition had to file a federal habeas action had already lapsed.

The South Carolina Supreme Court issued its remittitur from the appeal from the denial of the PCR action on July 29, 2009, and the one-year statute of limitations began to run again. On October 14, 2009, after an additional 77 days had lapsed, Petitioner filed a petition for a writ of habeas in the South Carolina Supreme Court, again tolling the statute of limitations. At this point, 318 days had lapsed. On December 2, 2009, the South Carolina Supreme Court denied the petition and the clock started running again. After another 20 days lapsed, on December 22, 2009, Petitioner filed a second habeas petition in the South Carolina Supreme Court, again tolling the statute of limitations until March 4, 2010, when the South Carolina Supreme Court denied this petition. At that point, Petitioner had only 27 days remaining within which to file a federal habeas petition or until March 31, 2010. Although on May 20, 2010, Petitioner filed a third habeas petition in the South Carolina Supreme Court, by that time, the federal statute of limitations period had expired and the pendency of the newly filed state habeas proceeding could not toll the already expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral

petitions can no longer serve to avoid a statute of limitations.").[3]

In his objections, Petitioner argues that he is entitled to equitable tolling. "[Section] 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. at 2560. However, the Fourth Circuit has held "rarely will circumstances warrant equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Generally, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246.

Here, Petitioner contends that he has a deformed hand and suffers from an "abundance" of mental disorders, including obsessive compulsive disorder, depression, post-traumatic stress disorder, chronic anxiety, chronic fatigue syndrome, and attention deficit disorder. The Fourth Circuit Court of Appeals has held that equitable tolling for mental disabilities should only be granted in cases of profound mental incapacity. *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (internal citation omitted). Profound mental incapacity has been found in exceptional circumstances such as institutionalization or adjudged mental incompetence. *Id. See also Lewis v. Eagleton*, No. 4:09–cv–2881, 2010 WL 1903985, at *3 (D.S.C. April 26, 2010) (noting in habeas case that "equitable tolling for mental disabilities should only be granted in cases of

---

[3]Petitioner argues that he filed five, rather than three, state habeas petitions and the statute of limitations should have been tolled while he pursued all five of these as he was required to exhaust all available state remedies. However, the record contains only three state habeas petitions and, furthermore, as stated above, by the time Petitioner filed his third state habeas petition, the federal habeas statute of limitations period had lapsed - leaving nothing to be tolled by the filing of any subsequent state habeas petitions.

8

profound mental incapacity"); *Milam v. Nicholson*, No. 5:07–cv–00609, 2009 WL 159302, at *3 (S.D.W.Va. Jan. 20, 2009) (finding that ADA plaintiff's PTSD and depression did not constitute "profound mental impairment" so as to be grounds for equitable tolling). *See also Evans v. Johnson*, No. 1:10-cv-414, 2010 WL 3186838 (E.D.Va. Aug. 9, 2010) ("[I]t is not enough that a petitioner seeking equitable tolling allege the existence of a health condition; instead, he has the burden to demonstrate that the health condition rendered him unable to file a habeas application during the one-year limitations period."). In *Sosa*, the Fourth Circuit declined petitioner's request for tolling the statute of limitations where the petitioner had not alleged that his mental condition (schizoaffective disorder and generalized anxiety disorder) rose to the level of exceptional circumstances and lacked exceptional circumstances in light of petitioner's diligence in seeking to vacate or modify his sentence. 364 F.3d at 513.

Here, Petitioner has not alleged or pled any facts that show that his mental or physical condition rose to the level of exceptional circumstances articulated in *Sosa*. Specifically, Petitioner has not alleged or shown that he was institutionalized or adjudged mentally incompetent. As the Magistrate Judge notes, Petitioner has been able to file numerous documents relating to this case throughout the appellate, PCR, state habeas, and federal habeas processes. (Report at 50). Petitioner simply has not shown the existence of extraordinary circumstances beyond his control that would have prevented him from filing this federal habeas petition within the one-year limitations period. Accordingly, based on the foregoing, the court concludes that Petitioner is not entitled to the application of equitable tolling based upon his physical or mental condition.

Petitioner also argues that he is entitled to equitable tolling because he is actually innocent. However, neither the United States Supreme Court nor the Fourth Circuit Court of Appeals has held that an actual innocence claim is sufficient to warrant equitable tolling.[4] However, even under an actual innocence exception, the Petitioner's argument falls short of the necessary showing. A petitioner must show reliable evidence of his innocence that was not, and could not have been, presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324- 328 (1995).

In this case, Petitioner has offered only his own conclusory assertions to support his claim of actual innocence which does not constitute the type of new evidence required by *Schlup*, or otherwise, to warrant equitable tolling. *See, e.g., Lee v. Lampert*, --- F.3d ----, 2011 WL 3275947 (9th Cir. 2011); *Flanders v. Graves*, 299 F.3d 974, 976–977 (8th Cir. 2002) (holding that an actual innocence claim would not equitably toll the period of limitation for filing a habeas petition absent a showing of "some action or inaction on the part of the respondent that prevented him from discovering the facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitation."). Petitioner has not met the extremely high burden required for a showing of actual innocence for the application fo equitable tolling, and thus equitable tolling is not warranted. *See Knecht v. Shannon*, 132 Fed. Appx. 407, 409 (3d Cir.2005).

---

[4] While "[t]he Fourth Circuit has not expressly ruled that 'actual innocence' is an exception that permits equitable tolling[,] . . . other circuits have reasonably concluded that there is no such exception." *DiCaprio–Cuozzo v. Johnson*, 744 F.Supp.2d 548, 559 (E.D.Va.2010) (collecting cases that hold that no actual innocence exception to the statute of limitations exists).

Accordingly, based upon the foregoing, this habeas petition was not timely filed, and it is barred by the statute of limitations.

Petitioner also argues that the Magistrate Judge should have granted his motion to appoint counsel to help him litigate this habeas petition.[5] Although counsel can be appointed in exceptional circumstances, habeas petitioners are generally not entitled to appointed counsel. Such circumstances include situations where a petitioner has a colorable claim but lacks the capacity to present it. *Gordon*, 574 F.2d at 1153. As discussed above, Petitioner's claims are not colorable because they are barred by the statute of limitations. Thus, after having carefully reviewed the record, the Court agrees with the Magistrate Judge that this is not one of those exceptional cases justifying the appointment of counsel. *See Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir.1984) (noting power to appoint counsel is discretionary) (disapproved on other grounds by *Mallard v. United States Dist. Court for Southern Dist. of Iowa,* 490 U.S. 296, 300 (1989)).

The court notes that the docket reflects that Petitioner filed appeals of two of Magistrate Judge Austin's orders, one denying Petitioner an extension and the other denying his motion to appoint counsel. (Dkt. # 100 and 111). Federal Rule of Civil Procedure 72(a) requires a party to file objections regarding "non dispositive" pretrial matters with the District Court "within 14 days after being served with a copy [of the order the party wishes to challenge]." Fed.R.Civ.P. 72(a). In analyzing an objection under Rule 72(a), this Court will "modify or set aside any part of the order that is clearly

---

[5]This objection is perhaps best construed as an objection to the Magistrate Judge's Order denying Petitioner's motion to appoint counsel (Dkt. # 103), which is discussed herein. *See infra*, p. 11-12.

erroneous or is contrary to law." Fed.R.Civ.P. 72(a).

Initially, the court notes that Petitioner's objection to the Magistrate's Order denying his Motion to Appoint Counsel were untimely. Magistrate Judge Austin filed this order on May 16, 2012, and Petitioner states in his motion appealing the order that he received the order on May 22, 2012. Petitioner, however, did not file his objections to the order until June 27, 2012. (Dkt. # 111 - Attach. # 1).[6] In any event, after reviewing Petitioner's Motions for an Extension and to Appoint Counsel, the Magistrate's Orders denying these motions, and Petitioner's objections, the Court finds that the Magistrate Judge's Orders were not clearly erroneous nor contrary to law. Therefore, Petitioner's objections to the Magistrate Judge's Orders denying Petitioner's Motion for an Extension and to Appoint Counsel are overruled and these orders (Dkt. #96 and 103) are **AFFIRMED**.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit. It is therefore **ORDERED** that Respondent's Summary Judgment Motion (Dkt. #76) is **GRANTED** and the Petition is **DISMISSED** with prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*,

---

[6]The envelope containing the motion was stamped by the prison mailroom as having been received on June 27, 2012. *Houston v. Lack*, 487 U.S. 266.

252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 28, 2012
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.